IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2008 JUN 24 AM 9: 12

CLERK C Adams
SO. DIST. OF GA.

| | | |
|---|---|---|
| TRACY LEE HARDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 307-010 |
| | ) | |
| DON JARRIEL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

Petitioner was convicted following a jury trial in the Superior Court of Laurens County of burglary, aggravated assault, kidnaping, rape, and aggravated sodomy. Harden v. State, 612 S.E.2d 877, 878 (Ga. App. 2005). Petitioner's conviction and sentence were upheld on direct appeal on March 29, 2005. Id. at 879. Thereafter Petitioner filed a state habeas corpus petition on January 26, 2006. (Doc. no. 8, Ex. 1). A hearing was held on this petition on March 29, 2006 (id. at Ex. 2a); and a final order denying relief was filed on June 7, 2006 (id. at Ex. 3). The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial of state habeas relief on November 20,

2006. (Id. at Ex. 4). Thereafter, Petitioner timely filed the instant federal habeas corpus petition.

Petitioner raises three grounds for relief in his federal petition: (1) similar transaction evidence was improperly used against him at trial; (2) his trial attorney failed to object to character evidence being used against him by the entry of the similar transaction evidence; and (3) the State committed prosecutorial misconduct by making a statement in the closing argument about Petitioner's future dangerousness. (Doc. no. 1, p. 5).

Respondent argues that Petitioner's claims fail to state claims for relief in federal habeas corpus or are procedurally defaulted. (Doc. no. 7, pp. 5-9). Respondent notes that grounds one and three are claims that are controlled by Georgia statutory law and thus do not state a claim for federal habeas corpus. (Id. at 8-9). Respondent also notes that the state habeas court concluded that Petitioner's claim raised in ground two was procedurally defaulted because it was not raised in Petitioner's direct appeal.[1] (Id. at 5-6). Having summarized the parties' contentions, the Court will explain the applicable standard of review.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, amended § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

---

[1]Respondent also alternatively argues that ground two provides no relief on the merits as Petitioner received effective assistance of counsel. (Doc. no. 7, pp. 6-8).

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court addressed Section 2254(d) in Brown v. Payton, 544

U.S. 133 (2005). The Supreme Court explained the difference between the "contrary to" and

"unreasonable application" clauses in § 2254(d)(1) as follows:

> The AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. at 141 (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to

demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the

decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith,

539 U.S. 510, 520-21 (2003). In sum, a habeas petition may be granted if "the state court's

decision was contrary to, or involved an objectively unreasonable application of, the

governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d

1254, 1257 (11th Cir. 2000).

Moreover, the AEDPA sets a highly deferential standard of review for state court

3

factual determinations. The AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro v. Landrigan, 550 U.S. __, 127 S. Ct. 1933, 1939-40 (2007) (quoting 28 U.S.C. § 2254(e)(1)); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Thus, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by § 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000). If the record provides any support for a state court's factual findings, this Court may not set aside those findings unless and until they are rebutted by clear and convincing evidence. Crawford, 311 F.3d at 1317.

With these basic principles in mind, the Court now turns its attention to the instant petition.

### III. DISCUSSION

#### A. Failure to State Claims for Federal Habeas Relief

As noted above, in ground one, Petitioner argues that similar transaction evidence was improperly used against him at trial. Petitioner notes that "one day before [his] trial began, the prosecutor brought before the court past convictions without giving 10 days prior notice. (Doc. no. 1, p. 5). Petitioner's ground one fails to state claims for federal habeas relief.

Although the admission of similar transactions may violate Georgia law or rules of

4

evidence in certain situations, the Court need not address this ground in detail; it suffices to say that a federal habeas court may entertain an application for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of the United States Constitution, a treaty, or the laws of the United States. Estelle v. McGuire, 502 U.S. 62, 68 (1991). A federal court is not concerned with a state's interpretation of its own laws and rules unless the violations raise federal constitutional problems; such matters are of state concern. McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992); see also Dorsey v. Chapman, 262 F.3d 1181, 1190 n.11 (11th Cir. 2001) ("[F]ederal habeas relief does not include the review of state court application of state procedural rules that do not rise to the level of constitutional violations."). Stated otherwise, a federal habeas court is not a "'super' state supreme court" available to grant relief every time it believes a state court erred. Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983) (per curiam) (quoting Meyer v. Estelle, 621 F.2d 769, 771 (5th Cir. 1980)).

Therefore, ground one, which presents a claim based on the admission of similar transactions that is governed by Georgia statutory law, is not cognizable in a federal habeas proceeding and cannot form the basis for federal habeas corpus relief. Federal courts do not review whether the admission of evidence in a state criminal trial conformed with state law requirements, Futch v. Dugger, 874 F.2d 1483, 1487 (11th Cir.1989), and the admission of evidence of similar transactions does not, by itself, violate due process. Lisenba v. California, 314 U.S. 219 (1941) (allowing evidence regarding the drowning of his former wife in his trial on charges of drowning his later wife).

Thus, the Court concludes that Petitioner has not stated a claim that is cognizable in

a federal habeas proceeding and cannot form the basis for federal habeas corpus relief. See Estelle, 502 U.S. at 68-69 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). As such Petitioner's claim raised in ground one fails.

## B.    Procedural Default

Petitioner argues in ground two that his attorney failed to object to character evidence being used against him via entry of the similar transaction evidence. In ground three Petitioner argues that the State committed prosecutorial misconduct by making a statement in the closing argument about Petitioner's future dangerousness. (Id.). Petitioners contends that the prosecutor's statement that Petitioner would be dangerous in the future, "assisted in [a] verdict of guilty." (Id.).

Respondent argues that Petitioner's claim asserted in ground two is procedurally barred from being reviewed in this federal collateral proceeding, noting that Petitioner failed to properly raise this claim in his direct appeal.[2] As for Petitioner's claim stated in ground three, Respondent maintains that it fails to state a claim for federal habeas corpus relief. However, the Court notes that liberally construing Petitioner's claim for prosecutorial misconduct asserted in ground three, the Court concludes that Petitioner may be attempting to assert a due process claim.[3] In any event, as this would be the first time Petitioner has

---

[2]The state habeas court concluded that the claim raised in ground two was procedurally defaulted because it had to be raised in the first opportunity, which was on direct appeal. (Doc. no. 8, Ex. 3).

[3]Prosecutorial misconduct claims do not compel habeas corpus relief unless they "render[ed] the trial fundamentally unfair." Darden v. Wainwright, 699 F.2d 1031, 1034 (11th Cir. 1983) (citing Houston v. Estelle, 569 F.2d 372, 378 n.8 (5th Cir. 1978)); see also

asserted this prosecutorial misconduct claim in the due process context, ground three has not been exhausted.[4]

The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state

_____

Donnelly v. DeChristoforo, 416 U.S. 637 (1974) (to establish a constitutional claim, defendant must show prosecutor's improper comment so infected the trial with unfairness as to make the resulting conviction a denial of due process). In reviewing prosecutorial conduct for due process violations, the Court must view the comments or conduct in the context of the trial as a whole. Darden, 699 F.2d at 1034 (citing Cobb v. Wainwright, 609 F.2d 754, 755 n.7 (5th Cir. 1980)).


[4]Although Petitioner raised the issue of prosecutorial misconduct in his state habeas petition as a part of an ineffective assistance of counsel claim, the state habeas court determined that failing to object to the prosecutor's closing argument did not provide a basis for habeas relief because:

> (1) review of the record reveals a complete absence of any evidence to support Petitioner's claims, and (2) even if there had been evidence on the record to support Petitioner's claim, Petitioner failed to demonstrate there is a "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington. Therefore, this claim provides no basis for relief.

(Doc. no. 8, Ex. 3).

prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This requirement applies with equal force to all constitutional claims.

As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). The exhaustion requirement applies with equal force to all constitutional claims, including claims of ineffective assistance of counsel. Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992) ("[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously."). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent"[5] state procedural grounds, the district

---

[5]A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies the following three-part test:

First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal

court is precluded from later reviewing the merits of the claim on collateral attack. Judd, 250 F.3d at 1313.

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

Of note here, under Georgia law, absent a showing of cause to excuse the default and actual prejudice, the failure to object at trial or to raise on direct appeal any alleged error creates a procedural bar to its consideration in a habeas corpus proceeding. See O.C.G.A.

---

claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, *i.e.*, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

Judd, 250 F.3d at 1313 (internal quotations and citations omitted).

§ 9-14-48(d); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). Georgia law also requires that claims of ineffective assistance of trial counsel be raised at the "earliest practicable moment" by new counsel, or absent a showing of cause and prejudice, the claims are procedurally defaulted. White v. Kelso, 401 S.E.2d 733, 734 (Ga. 1991); Thompson v. State, 359 S.E.2d 664, 665 (Ga. 1987).

Also of note, Georgia law requires state habeas petitioners to raise all available grounds for relief in a first or amended habeas petition. See O.C.G.A. § 9-14-51. Under § 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. See id. The Eleventh Circuit has held that Georgia's successive petition statute should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

Of course, the Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met:

> A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice.

Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some

objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman v. Thompson, 501 U.S. 722, 753 (1991). A state petitioner may also demonstrate cause to overcome a procedural default by demonstrating that he received constitutionally ineffective assistance of counsel. Turpin v. Todd, 493 S.E.2d 900, 906 (Ga. 1997). The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

Here, Petitioner's claim regarding the failure of his trial counsel to object to character evidence being used against him by the entry of the similar transaction evidence, and his allegation of prosecutorial misconduct regarding the prosecutors closing arguments, were available at the time he brought his direct appeal. Yet, as noted by the state habeas court Petitioner failed to raise at the first opportunity, in his direct appeal the ineffective assistance of counsel claim regarding similar transaction evidence, and thus the state habeas court concluded that claim was procedurally barred. The procedural default rule relied upon by the state court constitutes an independent and adequate state procedural ground in that it is exclusively a state doctrine and it is regularly applied by Georgia habeas courts. See Hightower v. Scofield, 365 F .3d 1008, 1037 (11th Cir. 2004). Thus, this Court is barred from considering the claims unless Petitioner can show cause and prejudice sufficient to overcome his default. Petitioner has not proffered any facts or made any attempt to show cause or prejudice. Therefore, the Court is barred from considering ground two.

Similarly, Petitioner did not raise any prosecutorial misconduct claim in either his direct appeal or his state habeas petition; thus, Petitioner never exhausted his claim asserted in ground three in the Georgia courts. As Petitioner's claim raised in ground three has not been previously exhausted in the state courts it has matured into a procedural default under Georgia's procedural default rule as explained *supra*. Additionally, Petitioner has not shown cause to excuse his failure to properly raise these claims in the state courts. Accordingly, these claims should be denied.

Therefore, Petitioner's claims regarding his attorney's failure to object to character evidence being used against him by the entry of the similar transaction evidence and regarding alleged prosecutorial misconduct fail.

## IV. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED AND RECOMMENDED this 24th day of June, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

12