IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

TRACY LEE HARDEN, )
 )
    Petitioner, )
 )
v. ) CASE NO. CV307-010
 )
DON JARIEL, Warden, and BILLY )
THOMPSON, Previous Warden, )
 )
    Respondents. )
 )

## O R D E R

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court with the following modifications.

Petitioner argues that he is entitled to habeas relief because the state trial court improperly allowed evidence of similar transactions in the form of past convictions. Generally, federal courts do not review a state court's application of state rules of evidence or procedure. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-

court determinations on state-law questions."), McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992) ("State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases."). However, a federal court may grant habeas relief where the error rises to the level of a constitutional violation, Dorsey v. Chapman, 262 F.3d 1181, 1190 n.11 (11th Cir. 2001), by "result[ing] in a denial of fundamental fairness." Dickson v. Wainwright, 683 F.2d 348, 350 (11th Cir. 1982) (citing Anderson v. Maggio, 555 F.2d 447, 451 (5th Cir. 1977)). Furthermore, "the erroneous admission of prejudicial evidence can justify habeas corpus relief only if it is 'material in the sense of a crucial, critical, highly significant factor.'" Id. (quoting Hills v. Henderson, 529 F.2d 397, 401 (5th Cir. 1976)).

After a careful review of the record, this Court concludes that Petitioner's allegation that the trial court erred in admitting evidence of similar transactions, if taken as true, would not result in a denial of fundamental fairness that would entitle Petitioner to habeas relief. Therefore, the Petition for Writ of Habeas Corpus (Doc. 1)

is **DENIED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

SO ORDERED this 5th day of September, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA